UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW FIDEL REGALADO,

    Plaintiff,

v.

KILOLO KIJAKAZI, et al.,

    Defendants.

Case No. 23-cv-00759-RS

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

# I. INTRODUCTION

Plaintiff's counsel Francesco Benavides moves to recover fees in this Social Security action under 42 U.S.C. § 406(b). For the reasons set forth below, the fees requested are reasonable, and the motion is granted.

# II. BACKGROUND

Plaintiff Andrew Fidel Regalado applied for Social Security Disability Insurance Benefits and was denied those benefits in May 2022. Following administrative appeals, Plaintiff sought judicial review in the immediate case in February 2023. Upon stipulation by parties, judgment was entered in June 2023, reversing the decision of the Commissioner and remanding to the Social Security Administration for further proceedings. On remand, the agency determined Plaintiff was owed $47,601.59 in past-due benefits. After this decision and pursuant to stipulation, the government was ordered to pay Plaintiff a total of $8,300.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff's counsel Benavides did not

receive payment of fees under the EAJA because the Treasury Department used the funds to offset Plaintiff's child support debt.

Benavides now moves to recover fees under 42 U.S.C. § 406(b), arguing the fee request is reasonably calculated. The government filed a statement of non-opposition, disclaiming any direct financial stake in the outcome of this Motion and affirming its role in fee determination as akin to a "trustee for the claimants." Dkt. 21, at 1 (quoting *Gisbrecht v. Barnhart*, 553 U.S. 789, 798 n.6 (2002)). Plaintiff has not filed an objection to Benavides motion for fees and the deadline for doing so has passed.

### III. LEGAL STANDARD

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). This fee comes from funds withheld from the past-due benefits payment by the SSA.

The Supreme Court has instructed courts to utilize attorney-client fee agreements as a baseline when considering a fee motion under 42 U.S.C. § 406(b). *Gisbrecht*, 535 U.S. at 807–08. Courts must review such fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Specifically, the attorney's recovery should be analyzed "based on the character of the representation and the results the representative achieved." *Id.* at 808. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." *Id.* at 807.

*Gisbrecht* identifies at least three examples of when a court-imposed fee reduction may be warranted. *Id.* at 807–08; *see also Crawford v. Astrue,* 586 F.3d 1142, 1151–52 (9th Cir. 2009) (en banc). First, the fee may be reduced if the attorney's representation is substandard. *Gisbrecht,* 535 U.S. at 808. Second, if "the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Third, if "the benefits are large in comparison to the amount of time counsel spent on

the case, a downward adjustment is similarly in order." *Id. Gisbrecht* authorizes courts to consider evidence of the hours incurred and the hourly rates normally charged in non-contingent matters "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," but cautioned that such an inquiry should not rise to the level of "satellite litigation" over fees. *Id.* When fee awards are made under both section 406(b) and the EAJA, the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Id.* at 796; *see also* 28 U.S.C § 406(b)(1)(A).

## IV. DISCUSSION

The agreement between Benavides and Plaintiff contemplates that Benavides may receive fees up to the 25-percent statutory cap. The instant motion requests a fee of $1,900.00, which is approximately 3.9% of Plaintiff's past-due award. The motion correctly notes any grant of fees under section 406(b) does not require Benavides to refund EAJA fees to Plaintiff because Benavides never received those previously awarded fees. *See Boissiere v. Astrue*, 2011 WL 1045170, at *4 (N.D. Cal. Mar. 22, 2011) ("[N]o offset is required because the plain language of the [EAJA] requires a refund only where an award has '*received* fees for the same work.'" (quoting 28 U.S.C. § 2412) (emphasis in original)).

While the contingent fee agreement between Benavides and Plaintiff is relevant to the analysis under *Gisbrecht*, the request itself ultimately must be evaluated based on its reasonableness. Here, there is no evidence that Benavides's representation was substandard, nor that he caused any undue delay. Benavides documents 37.4 hours spent on the case, meaning the effective hourly fee he requests is $50.80. This rate is well within the range of fee requests approved in other Social Security cases. *See, e.g.*, *Kristy Marie K. v. Saul*, No. 20-cv-04156-DMR, 2023 WL 218863, at *2 (N.D. Cal. Jan. 17, 2023) (finding $916.03 hourly rate reasonable); *Harrell v. Berryhill*, No. 16-cv-02428, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) (finding $1,213.83 hourly rate reasonable); *McCullough v. Berryhill*, No. 16-cv-00625, 2018 WL 6002324, at *2 (N.D. Cal. Nov. 15, 2018) (finding $874.72 hourly rate reasonable). Benavides's fee request is, therefore, reasonably calculated.

## V. CONCLUSION

The motion for attorney fees is granted. Benavides shall collect $1,900.00 in attorney fees under 42 U.S.C. § 406(b).

**IT IS SO ORDERED**.

Dated: November 18, 2024

_____
RICHARD SEEBORG
Chief United States District Judge